2010 OK 71

**In the Matter of the REINSTATEMENT OF Charla Reiter MONTGOMERY, to Membership in the Oklahoma Bar Association and to the Roll of Attorneys.**

**SCBD No. 5600.**

Supreme Court of Oklahoma.

Oct. 12, 2010.

Charla Reiter Montgomery, Dallas, TX, Pro Se.

Loraine Dillinder Farabow, First Assistant General Counsel, Oklahoma Bar Association, Oklahoma City, OK, for Respondent.

HARGRAVE, J.

¶ 1 Petitioner, Charla Reiter Montgomery, was admitted to the Oklahoma Bar Association (OBA) in September 1995. Petitioner practiced law in the State of Oklahoma for ten months. In 1996, Petitioner moved from the State of Oklahoma to Fort Worth, Texas.

Montgomery was later employed by Affiliated Computer Services (ACS). She is currently employed by Sterling Commerce in Irving, Texas. Her employment has consisted of being senior contract negotiator, and later as supervisor and senior manager in the software licensing department.

¶ 2 Evidence presented before the Professional Responsibility Tribunal showed that her job duties required her to draft and negotiate complex agreements. Her employment also required her to negotiate contract terms and details with contract administrators, negotiators, and managers of other companies. She has managed a group of negotiators and managed contract assignments. She reviewed contracts to determine if they were in compliance with corporate business and legal policies, and also worked on contract language and helped with open issues. She conducted some legal research, but reported to attorney supervisors for guidance and for legal opinions on legal issues. The fully negotiated contracts would be sent to attorneys in the companies for approval. Montgomery's work involved following the policies of the company, leaving legal issues to be resolved by attorneys. Testimony presented at the hearing showed that Petitioner did not handle legal issues.

¶ 3 Petitioner was stricken from the roll of attorneys of the Oklahoma Bar Association for nonpayment of dues and noncompliance with Mandatory Continuing Legal Education. Evidence was presented at the hearing before the Professional Responsibility Tribunal that she was experiencing family issues at the time and she put herself and her legal career on the back-burner and failed to do what was necessary to maintain her license. Montgomery has never been disbarred from the Oklahoma Bar Association or any other state or federal bar, and has not resigned pending investigation or disciplinary proceedings from the Oklahoma Bar Association or any other state or federal bar.

¶ 4 Petitioner has not had any involvement with the Client's Security Fund of the Oklahoma Bar Association. Petitioner also provided evidence as to the good moral character necessary to be admitted to the Oklahoma Bar Association as an active

member, and she provided evidence that she is current in her Mandatory Continuing Legal Education. The PRT unanimously found that Montgomery had met the prerequisites for reinstatement by clear and convincing evidence, and the Oklahoma Bar Association has asked that we accept that recommendation.

¶ 5 This Court exercises original and exclusive jurisdiction in bar reinstatement proceedings. *In re Reinstatement of Brown,* 1996 OK 95, ¶ 14, 925 P.2d 44, 49. Although the PRT's recommendations are afforded great weight, they are advisory only, inasmuch as this Court exercises de novo review. *Id.*

¶ 6 Rule 11.5 of the RGDP requires the PRT to make specific findings regarding (1) "[w]hether or not an applicant possesses the good moral character which would entitle him to be admitted to the Oklahoma Bar Association," (2) "[w]hether or not an applicant has engaged in the unauthorized practice of law during the period of suspension," and (3) "[w]hether or not an applicant possesses the competency and learning in the law required for admission to practice law in the State of Oklahoma."

¶ 7 In the present matter, Montgomery met the first requirement by testimony presented before the Professional Responsibility Tribunal by three separate witnesses who testified as to her competency and her moral character. She has not been shown to have committed any crimes and it is apparent that she has been, at all times, an upstanding member of the community.

¶ 8 Next, we must address whether Petitioner has engaged in unauthorized practice of law. This Court has held that the practice of law is "the rendition of services requiring the knowledge and the application of legal principles and technique to serve the interests of another with his consent." *R.J. Edwards, Inc. v. Hert,* 1972 OK 151, ¶ 20, 504 P.2d 407. In the R.J. Edwards case, municipal bond marketers and their agents allegedly engaged in the unlawful practice of law. This Court found that the marketers merely reproduced forms prepared by the Attorney General, furnished them to school districts, and filled them out according to the directions set out in the Attorney General's handbook. This Court found that such activity was clerical in nature and the marketers were not acting as attorneys. At ¶ 28 this Court held:

> To the extent that the defendants merely filled in the uniform forms prescribed by the Attorney General, they apparently acted as an amanuensis, secretary, or clerk for that attorney. The record before us does not show that this called for the determination of questions involving legal skill, or constituted the practice of law.

¶ 9 In the present matter Montgomery testified unequivocally that she had not engaged in the unauthorized practice of law. The Bar's investigator testified that unauthorized practice of law was not an issue in this matter and evidence provided by the Texas Bar Association shows that the work conducted by Montgomery was not considered the practice of law in Texas. All of Montgomery's witnesses testified that she never held herself out as an attorney and all legal issues were overseen by the legal departments in both companies.

¶ 10 Montgomery's work, from evidence presented before the PRT, is not what is considered the practice of law in Oklahoma. It was business oriented and many nonlawyers conducted these contract negotiations as well. All legal matters were handled by the legal departments of her employers. Therefore, Montgomery has shown by clear and convincing evidence that she has not engaged in unauthorized practice of law.

¶ 11 Finally, Montgomery testified that she has become reacquainted with the rules of professional responsibility, has reviewed *Legislative Today Primer,* has tried to keep abreast of the law relating to her job, and has read the *Oklahoma Bar Journal* for the past year. She further testified that she has taken continuing legal education courses. Montgomery's witness testified as to her legal competency. Montgomery also recently attended 12 hours of Oklahoma continuing legal education including one hour of ethics. Rule 11.5 requires evidence that the applicant possesses the competency and learning in the law for readmission to the practice of

law in the State of Oklahoma. Montgomery has shown that she has met the requirements for reinstatement to the Oklahoma State Bar Association. We therefore reinstate Charla Reiter Montgomery to membership in the Oklahoma Bar Association upon showing that Petitioner has remitted the amount of $715.25, which constitutes full payment of the costs incurred in this matter as allowed under 5O.S.2001, Ch.1, App. 1–A, as well as $1,175.00, which consists of dues and penalties for 1999 and 2000, and this year's current bar dues.

**REINSTATEMENT GRANTED COSTS AND PAYMENT OF DUES AND PENALTIES IMPOSED.**

¶ 12 CONCUR: EDMONDSON, C.J., TAYLOR, V.C.J., HARGRAVE, KAUGER, WATT, WINCHESTER, COLBERT, REIF, JJ.